## ROBINSON *against* STEWART.

*Fraudulent conveyance; creditors at large. One paying debts takes the place of creditors.*

A POSITIVE denial of fraud, in an answer in Chancery, will not prevail against admissions in the same answer of facts which show that the transaction was fraudulent.

An aged father conveyed to his son all his property, real and personal, valued at $2,300, in part in consideration of an indefinite indebtedness to the son for several years' labor in the management of his farm, and in part to provide for his and his wife's future support ; the son promising (verbally) to pay the debts of the father, supposed to amount to $400, but no provision was made for a contingent claim of $1,300, on a note indorsed by the father for the accommodation of a son-in-law, which was not due at the time of the conveyance. The father died before the note became due. The defendant, his son and grantee, was appointed administrator, and paid all the debts (amounting to $700) except the $1,300 note, which, being unpaid, the maker insolvent, and no assets remaining in the hands of the administrator, the holder filed his bill in this cause to reach the lands conveyed to the defendant.

*Held*, that the conveyance was fraudulent and void as against creditors :

That the plaintiff being a creditor at large, had no specific lien on the lands, and could only share ratably with other creditors in their proceeds :

That the son having paid debts of the father, was entitled to take the place of the creditors as to such debts, and to share in the proceeds of the lands accordingly, after applying in reduction of such debts the amount of the personal estate :

That he was also entitled to stand as a creditor to the

amount due him for services, with interest from the date of the conveyances by the father to him, but not from the end of each year's services, from year to year, as allowed to him in the court below:

That he was not accountable to the creditors at large for the rent of the lands prior to the time when a receiver was appointed in this suit.

(S. C., 10 N. Y. 189.)